UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PHILLIP MORRIS HENRY,

                Petitioner,

 v.                                            9:09-CV-0001 (LEK)

JAMES CONWAY,
Superintendent,

                Respondent.

---

**APPEARANCES:**

PHILLIP MORRIS HENRY
Petitioner, *pro se*

HON. ANDREW M. CUOMO            ASHLYN H. DANNELLY, ESQ.
Office of the Attorney General        Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271

LAWRENCE E. KAHN
United States District Judge

### DECISION AND ORDER

     Petitioner *pro se* Phillip Morris Henry commenced this action by filing a Petition for a writ of habeas corpus in the Western District of New York on November 20, 2008. See Dkt. No. 1. After United States District Judge Michael A. Telesca of the Western District transferred Henry's action to this District (Dkt. No. 3) on January 12, 2009, this Court issued an Order noting that it did not appear as though Petitioner had fully exhausted the claims raised in his Petition because his direct appeal of his state court conviction as well as his state court habeas petition were both pending at the time he filed his federal habeas corpus action. See Dkt. No. 5 ("January, 2009 Order") at 2.

Although his Petition appeared subject to dismissal due to Henry's failure to exhaust in state court the claims he asserted in this action, in light of Petitioner's *pro se* status, this Court directed the Respondent to file a response to the Petition, limited initially to addressing the issue of whether Henry had fully exhausted his remedies prior to commencing this action.  Id. at 2-3.

Respondent thereafter filed his Response in opposition to the Petition in which he noted that, at the time Henry commenced this action, his direct appeal of his conviction had been fully briefed and that such appeal was scheduled to be reviewed by a panel of the New York State Supreme Court, Appellate Division, Third Department, on March 24, 2009.  See Respondent's Memorandum of Law in Opposition to Petition (Dkt. No. 6-1) ("Resp. Mem.") at 4.[1]  Respondent also noted that, at the time his Response was filed, Acting New York State Supreme Court Justice Mark Dadd had heard oral argument on the state habeas corpus petition filed by Henry, but that such court had "reserved decision" on that application, and therefore it "remain[ed] pending" in state court.  See Resp. Mem. at 5.

The above chronology establishes that Henry did not exhaust any of the claims he asserted in the present action prior to commencing this habeas corpus proceeding.  Furthermore, Henry has never claimed that he, in fact, exhausted the grounds for relief asserted herein, and he has not disputed any of the claims raised by Respondent in his memorandum of law opposing Henry's petition, which was filed on March 12, 2009.  See Dkt. No. 6-1.

As this Court noted in its January, 2009 Order, "a federal district court may not grant the

---

[1] The Appellate Division subsequently denied Henry's direct appeal in a memorandum filed on July 2, 2009.  See People v. Henry, 64 A.D.3d 804 (3d Dept. 2009).  It is unclear to this Court, however, if Henry has sought leave to appeal that decision from New York's Court of Appeals; as of the date of this Decision and Order, that Court has not issued any order either granting or denying any such leave application.

habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." See January, 2009 Order at 2 (citing Shabazz v. Artuz, 336 F.3d 154, 160 (2d Cir. 2003)) (other citations and internal quotation marks omitted). Since Henry plainly failed to exhaust any of the claims asserted in the present action before he filed his federal habeas corpus petition, this Court must therefore dismiss this action. However, such dismissal is without prejudice to Henry commencing a new federal habeas corpus proceeding in this District. Henry is cautioned, however, that his new federal habeas corpus action should not be filed until he has fully exhausted in the state courts all claims upon which any such federal habeas corpus application is based.

**WHEREFORE**, for the reasons discussed herein, it is hereby

**ORDERED**, that Henry's petition (Dkt. No. 1) is **DENIED** and **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Decision and Order upon the parties to this action; and it is further

**ORDERED**, that any state court records that were not filed in this action be returned directly to the Attorney General at the conclusion of these proceedings, including any appeal of this Decision and Order filed by any party.

**IT IS SO ORDERED.**

DATED:     December 31, 2009
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge